# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 14-1678 |
| **Originating No. & Caption** | 4:02-cv-01859-RBH Estate of Holt v. Horry County |
| **Originating Court/Agency** | United States District Court of South Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 6/11/14 | |
| Date notice of appeal or petition for review filed | 7/9/14 | |
| If cross appeal, date first appeal filed | Not Applicable | |
| Date of filing any post-judgment motion | Ocober 9, 2013 & June 13, 2014 | |
| Date order entered disposing of any post-judgment motion | June 11 and June 18, 2014 | |
| Date of filing any motion to extend appeal period | Not Applicable | |
| Time for filing appeal extended to | Not Applicable | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? Not applicable. | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 08-1965 | |
| Case number of any pending appeal in same case | 14-1666 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | None known at this time. | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

A 1983 civil action filed in 2002 whereby bribed police maliciously orchestrated putting a party on the NCIC as and armed and extremely dangerous fleeing felon who had killed a local police officer without any basis. After a judge removed all the charges the same bribed officers, acting under color of law, while under gun point tortured the unwitting party leaving him partially paralized and permanetly disabled. Furthermore a local police officer was fired for reporting the civil rights violations he witnessed in this instance. The torture was unepectedly captured on police videotapes. Disposition: A disputed settlement was imposed by the presiding Judge, whose family had financial ties to the defendants. This imposed settlement did not cover the cost of any of the medical epenses incurred to date and none of the legal expenses incurred by the Plaintiffs.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Based on newly discovered evidence:
Is a Federal District Judge, whose stepmother was awarded one hundred thrity million dollars in non-bid contracts for her company from the Defendants, able to refuse to recuse himself based on the facts the stepmother was his father's third wife and the Judge lives 75 miles from his father and stepmother?  The Judge believes that the fact it was his fathers third wife and the distance excludes him from  the Code of Judicial conduct covered under Canon 3(C)(d)(iii) and 28 U.S.C. § 455. Can a Federal District Judge both impose a settlement and refuse to hold a required plenary hearing to determine if each of the seven plaintiffs represented by the same counsel gave informed  consent, in  a  writing  signed  by the client as required by law in the present case which contains an aggregate settlement? Does a Judge have a right to refuse the 4th Circuit mandated required plenary hearing by claiming it was in his sole discretion to hold such a plenary hearing or not under local federal district court rules?  Can a District Judge acting under the color of his position remove rights in one case while enforcing them in another, rights the Supreme Court of South Carolina established and in so doing allow fraud upon the court by imposing a settlement & claiming because there was a settlement the question of fraud upon the court by officers of the court is moot even though it involves forged documents, and illegal court orders? Can a District Judge violate a party's due process rights protected by the 14th and 5th Amendement of the United States constitution?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: Michael Steven Hartness | Adverse Party: Horry County Defendants |
|---|---|
| Harold Steven Hartness | |
| Attorney: | Attorney: ANDREW F. LINDEMANN |
| Address: | Address: 1611 Devonshire Drive |
| | Post Office Box 8568 |
| | Columbia, South Carolina 29202 |
| E-mail: | E-mail: alindemann@dml-law.com |
| Phone: | Phone: (803) 806-8222 |

**Adverse Parties (continued)**

| Adverse Party: David Smith | Adverse Party: Ancil Garvin |
|---|---|
| Attorney: | Attorney: |
| Address: 1006 N Holden Rd | Address: 1905 Canterbury Drive |
| Greensboro, NC 27410-4826 | Dalton, Ga 30720 |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Irene Santacroce<br><br>Attorney: Michael G. Scribnick, MD, JD<br>Address: 3 Kenilworth Ave<br>         Charleston, SC 29403<br><br>E-mail: michael.g.sribnickmdjdllc@gmail.com<br><br>Phone: 1-843-789-3504 | Name: Rodney Lail<br><br>Attorney: Michael G. Scribnick, MD, JD<br>Address: 3 Kenilworth Ave<br>         Charleston, SC 29403<br><br>E-mail: michael.g.sribnickmdjdllc@gmail.com<br><br>Phone: 1-843-789-3504 |
| **Appellant (continued)** | |
| Name: Estate of Doris Holt<br><br>Attorney: Michael G. Scribnick, MD, JD<br>Address: 3 Kenilworth Ave<br>         Charleston, SC 29403<br><br>E-mail: michael.g.sribnickmdjdllc@gmail.com<br><br>Phone: 1-843-789-3504 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: _[signed] Michael G. Scribnick, MD, JD_      Date: August 13, 2014

Counsel for: Irene Santacroce, Rodney Lail and Estate of Doris Holt

**Certificate of Service**: I certify that on August 13, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| David Smith<br>1006 N Holden Rd<br>Greensboro, NC 27410-4826 | Ancil Garvin<br>1905 Canterbury Drive<br>Dalton, Ga 30720 |

Signature: _[signed] Michael G. Scribnick, MD, JD_      Date: August 13, 2014